THOMAS L. KALE v. FRANCES KALE FORREST AND RICHARD B. KALE, SR., INDIVIDUALLY AND AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF RUSSELL H. KALE, SR., RUSSELL H. KALE, JR., TRUDY LEE KALE, THERESA LYNN KALE, TINA LOUISE KALE, TRACEY KALE, TAREN LEIGH KALE, RICHARD B. KALE, JR., MARJORIE SYM KALE AND JOSEPH TURNER FORREST, JR., AND JOHN H. VERNON, GUARDIAN AD LITEM

No. 7015SC286

(Filed 5 August 1970)

1. Wills § 73— construction of will — sufficiency of findings and conclusions

In a declaratory judgment action seeking the construction of a handwritten will probated in solemn form, the court's findings of fact and conclusions of law *are held* to have adequately ascertained the intent of the testator, and the judgment declaratory of the rights of the parties is affirmed.

2. Wills § 28— construction of will — intention of testator

The intention of the testator as gathered from the four corners of a will is the controlling guide in interpreting a will.

APPEAL by the plaintiff, and defendant, Frances Kale Forrest, from *Gambill, J.,* February 1970 Civil Session, The General Court of Justice of ALAMANCE County, Superior Court Division.

This action was instituted pursuant to the Declaratory Judgment Act (G.S. 1-253, *et seq.*) to secure a construction of the terms of the will of Russell H. Kale, Sr. The instrument in question provided as follows:

"Mebane, N. C.
August 10, 1965

This is my Last Will and Testament

Item #1

After my taxes and all other expenses have been paid, my estate shall be divided as follows:

Richard B. Kale's ¼ part shall be given to Richard B. Kale, Jr., and Marjorie Sym Kale. They shall have Kale Knitting Mills stock at book value.

Frances Kale Forrest's interest shall [sic] divided equally between she and her son Joseph Turner Forrest, Jr.

Russell Henderson Kale's share shall be put in trust for him and he shall get interest from this when he reaches 60

years of age. At his death the balance shall be given to my surviving heirs.

Richard B. Kale, Sr. and Frances Kale Forrest are to act as Co-Executors without fee.

I hereby revoke all wills and codicils heretofore made by me.

$25,000.00 shall be taken from my estate for the college education of daughters of Thomas Kale, Trudy Lee Kale, Teresa Lynn [sic] Kale, Tina Louise Kale, Tracey Kale and Taren Leigh Kale. Any moneys not used for their education shall be held and earnings given to Thomas L. Kale.

Thomas L. Kale's share shall be put in trust for him and income from this trust shall be given him at age 60. If he is solvent at that time he can draw $1,000.00 yearly on principal.

s/ RUSSELL H. KALE, SR.

Witness: Manley L. Warren

Witness: Shirley J. Carver"

After a hearing, the following findings of fact, conclusions of law and judgment were entered by Judge Gambill:

"THIS CAUSE, coming on to be heard before the undersigned Judge presiding at the February, 1970, Civil Term of the General Court of Justice, Superior Court Division for Alamance County, and after consideration of the admissions in the pleadings, the evidence presented, and argument of Counsel, the Court finds the facts and states conclusions of law, as follows:

FINDINGS OF FACT

1. Russell H. Kale, Sr., a citizen and resident of the County of Alamance and State of North Carolina, died on or about the 7th day of February, 1969, seized and possessed of both real and personal property.

2. That Russell H. Kale, Sr., left a handwritten, attested will dated August 10, 1965, a copy of which is attached hereto as 'Exhibit A', and said will was on the 7th day of May, 1969, duly admitted to probate in solemn form before the Clerk of Superior Court of Alamance County, North Carolina.

3. Richard B. Kale, Sr., and Frances Kale Forrest duly qualified as Executors under the will of Russell H. Kale, Sr., and are now acting in such capacity.

4. On the 7th day of May, 1969, this action was instituted by the plaintiff, Thomas L. Kale, under the North Carolina Declaratory Judgment Statute, General Statute 1-255, and all persons, heirs and any other parties who may have an interest in the subject matter were made parties to this action, and that the same have been properly served and are before this Court. The plaintiff, Thomas L. Kale, instituted this action alleging that a bona fide controversy had arisen between the plaintiff and defendants relative to their legal rights and status under the provisions of the will of Russell H. Kale, Sr.

5. Certain defendants answered the complaint of Thomas L. Kale alleging that a bona fide controversy had also arisen under certain other provisions of the Last Will and Testament of Russell H. Kale, Sr., and that the Court should construe the Last Will and Testament of Russell H. Kale, Sr., and render a judgment declaring and adjudicating the respective rights of all parties under the provisions thereof.

6. The testator, Russell H. Kale, Sr., died on February 7, 1969, and at that time he was survived by four (4) children; namely, Thomas L. Kale, Frances Kale Forrest, Richard B. Kale, Sr., and Russell H. Kale, Jr.

7. Emma C. Kale, wife of Russell H. Kale, Sr., died on the 28th day of December, 1961, and that Russell H. Kale, Sr., did not remarry prior to his death on February 7, 1969.

8. The following questions and issues, among others not herein enumerated, have arisen and the parties have requested the Court to interpretate and adjudicate the respective rights of all parties under said issues:

I. What portion of the estate of Russell H. Kale, Sr., was devised and bequeathed unto the following persons:

A. Richard B. Kale, Jr., and Marjorie Sym Kale?

B. Frances Kale Forrest and Joseph Turner Forrest, Jr.?

C. In trust for Russell Henderson Kale, Jr.?

D. In trust for Thomas L. Kale?

II.   What is the disposition of the corpus in trust for Russell H. Kale, Jr., after his death, and at what time is the surviving heirs of the testator determined?

III.   Whether the Co-Executors, Richard B. Kale, Sr., and Frances Kale Forrest, who have actually performed services during the administration of the estate are bound by the provision in the Last Will and Testament of Russell H. Kale, Sr., to serve without fee?

IV.   Whether the will of Russell H. Kale, Sr., creates a $25,000.00 trust for the college education of the children of Thomas L. Kale and must distribution from the fund for the benefit of any one child be limited to $5,000.00?

V.   Whether the $25,000.00 educational fund established for the children of Thomas L. Kale is taken from the portion of the estate of Russell H. Kale, Sr., bequeathed in trust for the benefit of Thomas L. Kale?

VI.   What is the effect of the bequest to Thomas L. Kale and the disposition of the share after his death?

VII.   When the testator fails to appoint a Trustee under a testamentary trust, who is the proper person to act in such capacity?

VIII.   What is the meaning of book value in the bequest to Richard B. Kale, Jr., and Marjorie Sym Kale, and at what date is the determination for valuing the stock at book value?

CONCLUSIONS OF LAW

ISSUE I

1.   Russell H. Kale, Sr., sired four (4) children during his lifetime; namely, Richard B. Kale, Frances Kale Forrest, Russell H. Kale, Jr., and Thomas L. Kale. All of these children survived the death of their father, their last surviving parent.

2.   The Last Will and Testament of Russell H. Kale, Sr., initially states: 'My estate shall be divided as follows:'. The testator begins the division with: 'Richard B. Kale's ¼th part shall be given to Richard B. Kale, Jr., and Marjorie Sym Kale.' Thereafter, the testator mentions each of his

three remaining children with such language as 'Frances Kale Forrest's interest'; 'Russell Henderson Kale's share'; and 'Thomas L. Kale's share'.

3. The testator's intent was to distribute his estate equally between his children or their representatives. In beginning with the language to the effect 'Richard B. Kale's ¼th interest' and then stating each of his three remaining children's share shall be devised in a certain manner, it clearly illustrates that it was the intent of Russell H. Kale, Sr., to make an equal division of all his property among his children or representatives of the children's interest.

4. The intent of Russell H. Kale, Sr., was to divide his estate into four equal shares and that the estate of Russell H. Kale, Sr., should be distributed as follows:

¼ Richard B. Kale's interest divided between Richard B. Kale, Jr. (⅛), and Marjorie Sym Kale (⅛).

¼ Frances Kale Forrest's interest divided between Frances Kale Forrest (⅛) and Joseph Turner Forrest, Jr. (⅛).

¼ Russell Henderson Kale, Jr.'s share in trust for Russell Henderson Kale, Jr.

¼ Thomas L. Kale's interest in trust for Thomas L. Kale, less the $25,000.00 educational fund for his children.

## ISSUE II

1. The Last Will and Testament of Russell Henderson Kale directs that: 'Russell Henderson Kale, Jr.'s share shall be put in trust for him and he shall get interest from this when he reaches 60 years of age. At his death, the balance shall be given to my surviving heirs.'

2. The testator, Russell H. Kale, Sr., intended to provide Russell Henderson Kale, Jr., a life estate in the corpus of his portion of the estate with the remainder to the testator's surviving heirs. The income produced from this portion is to be accumulated until Russell Henderson Kale, Jr., reaches the age of 60, at which time he will be paid the accumulated income; and thereafter, he shall be paid the income on the corpus at quarterly intervals.

Kale v. Forrest

3.  In the event that the said Russell Henderson Kale, Jr., shall die prior to reaching the age of 60 years, all accumulated income shall be paid to his estate.

4.  The surviving heirs of Russell H. Kale, Sr., are to be determined at the death of the life tenant, Russell Henderson Kale, Jr., as if Russell H. Kale, Sr., had died immediately after the death of Russell Henderson Kale, Jr. All heirs of Russell H. Kale, Sr., so determined will inherit the corpus.

ISSUE III

1.  Russell H. Kale, Sr., testator, appointed Richard B. Kale, Jr., and Frances Kale Forrest as Co-Executors to serve without fee. Both parties have duly qualified as such and are now acting in that capacity.

2.  There is an effective testamentary provision in the will of Russell H. Kale, Sr., that the Co-Executors are to serve without fee and therefore the Court does not have the power to allow a fee in conflict with the terms and provisions of the testator's will.

ISSUE IV

1.  The testator, Russell H. Kale, Sr., bequeathed $25,000.00 for the education of the daughters of Thomas L. Kale.

2.  The intent of the testator, Russell H. Kale, Sr., was to create a trust for the college education of the five (5) daughters of Thomas L. Kale.

3.  The testator intended to establish a fund for the education of his grandchildren and did not desire to limit the expenditure for each grandchild to $5,000.00.

4.  The Trustees, hereinafter appointed, are vested with the discretion to pay out such amounts, as their interests and needs shall appear, for the college education of the testator's grandchildren, Trudy Lee Kale, Theresa Lyn Kale, Tina Louise Kale, Tracey Kale, and Taren Leigh Kale. Such college education expenses shall include the cost of tuition, fees, books, clothing, laundry, and other related necessary expenses.

5.  Any balance remaining after the education of the children of Thomas L. Kale, hereinabove named, shall be added to the trust created for Thomas L. Kale and administered under the provisions thereof.

6.  That Thomas L. Kale is the equitable owner, in fee simple, of all properties constituting his trust estate, including any accumulated income, and, therefore, upon his death, all such properties then remaining as a part of said trust estate, including any accumulated income, shall be paid over to the estate of the said Thomas L. Kale, free and discharged from any further trust.

### Issue V

1.  The intent of the testator was to establish a $25,-000.00 educational bequest for his granddaughters, the children of Thomas L. Kale.

2.  The testator had already disposed of ¾th of his estate, prior to the $25,000.00 educational bequest.

3.  The testator bequeathed any remainder in the educational trust to Thomas L. Kale under the terms of the trust created for his benefit.

4.  The testator allowed Thomas L. Kale to draw $1,000.00 annually from his trust after age 60.

5.  It was the intent of the testator, Russell H. Kale, Sr., that the $25,000.00 used to fund the educational bequest of the children of Thomas L. Kale be taken from the ¼th share of Thomas L. Kale in the estate of Russell H. Kale, Sr.

### Issue VI

1.  The testator provided that Thomas L. Kale's share shall be put in trust for him and the accumulated income from this trust given to him at age 60. If he is solvent at that time, he can draw $1,000.00 yearly on principal.

2.  The intent of the testator is clear in that Thomas L. Kale's share shall be held in trust for him and all accumulated income paid to him at age 60; and thereafter he shall be paid the income on the corpus in quarterly intervals. In addition, Thomas L. Kale, at the age of 60, may invade the

principal by $1,000.00 and each year thereafter if he is solvent at the time of each such invasion.

3.    That Thomas L. Kale is the equitable owner in fee simple of all properties constituting his trust estate, including any accumulated income, and, therefore, upon his death all such properties constituting said trust estate, including any accumulated income shall be paid over to the estate of the said Thomas L. Kale, free and discharged from any further trust.

## ISSUE VII

1.    The testator created three (3) trusts under the provisions of his Last Will and Testament: (1) Russell Henderson Kale's trust, (2) The educational trust for the college education of the testator's granddaughters, (3) The trust for Thomas L. Kale, individually, which includes any monies not used for the education of the testator's granddaughters named in the Will.

2.    The testator, Russell H. Kale, Sr. in his will named Richard B. Kale, Sr., and Frances Kale Forrest as Co-Executors, but neglected to appoint a Trustee of all trusts created therein.

3.    The supervision of trust estates involves the equitable jurisdiction of the Court, and where a trust has been created and for some cause there is no person to execute the trust and carry out its purposes, it then becomes the province of a Court of equity to appoint a Trustee.

4.    Where property, real or personal, is devised and bequeathed by a will upon certain trusts set out in the will and the testator does not appoint a Trustee, it is the duty of the Co-Executors, Richard B. Kale, Sr., and Frances Kale Forrest, who have duly qualified as required by statute, to carry out the provisions of the Last Will and Testament of Russell H. Kale, Sr.

5.    The Co-Executors, Richard B. Kale, Sr., and Frances Kale Forrest are to be Co-Trustees of all trusts created under the Last Will and Testament of Russell H. Kale, Sr.

6.    Richard B. Kale, Sr., and Frances Kale Forrest, as Co-Trustees, will not be entitled to compensation for their services in such capacity.

## ISSUE VIII

1.   The testator provided that Richard B. Kale's share shall be given to Richard B. Kale, Jr., and Marjorie Sym Kale and their share shall be comprised of Kale Knitting Mills stock at book value.

2.   It is the testator's intent that the bequest for Richard B. Kale, Jr., and Marjorie Sym Kale be satisfied out of Kale Knitting Mills stock and that the value shall be computed at book value.

3.   Book value of Kale Knitting Mills stock shall be determined by generally accepted accounting procedures and by dividing the net worth by the outstanding shares of common stock in the Kale Knitting Mills at the death of the testator.

4.   This book value of the stock shall be figured as of the date of death of Russell H. Kale, Sr., February 7, 1969.

5.   For distribution and probate purposes, all Kale Knitting Mills stock shall be valued at book value, as hereinabove set forth.

Based upon the foregoing facts and conclusions of law, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## ISSUE I

The Estate of Russell H. Kale, Sr., is to be divided and distributed as follows:

⅛ to Richard B. Kale, Jr.

⅛ to Marjorie Sym Kale

⅛ to Frances Kale Forrest

⅛ to Joseph Turner Forrest, Jr.

¼ in trust for Russell Henderson Kale, Jr.

¼ in trust for Thomas L. Kale, less the $25,000.00 education fund for his children, Trudy Lee Kale, Theresa Lyn Kale, Tina Louise Kale, Tracey Kale, and Taren Leigh Kale

## ISSUE II

1.   The ¼th interest devised to Russell Henderson Kale, Jr., shall be held in trust for him for life. The income pro-

duced from this portion is to be accumulated until Russell Henderson Kale, Jr., reaches the age of sixty (60), at which time he will be paid the accumulated income, and thereafter he shall be paid income on the corpus at quarterly intervals.

2. In the event the said Russell H. Kale, Jr., shall die prior to reaching the age of sixty (60) all accumulated income shall be paid to his estate.

3. Upon the death of Russell Henderson Kale, Jr., the corpus shall be paid to the surviving heirs of Russell H. Kale, Sr. The heirs of Russell H. Kale, Sr., shall be determined at the death of Russell Henderson Kale, Jr., as if Russell H. Kale, Sr., had died immediately following the death of Russell Henderson Kale, Jr. All the heirs of Russell H. Kale, Sr., so determined will inherit the corpus.

## Issue III

The Co-Executors, Richard B. Kale, Sr., and Frances Kale Forrest, are not entitled to an Executor fee or commission as in accordance with the terms and provisions of the Last Will and Testament of Russell H. Kale, Sr.

## Issue IV

1. The $25,000.00 bequest for the education of the testator's grandchildren, Trudy Lee Kale, Theresa Lyn Kale, Tina Louise Kale, Tracey Kale, and Taren Leigh Kale, is to be held in trust for them.

2. The expenditure to each grandchild is not limited to $5,000.00 and the Trustees, hereinafter appointed, are vested with the discretion to pay out such amounts as their needs and interests appear for the college education of Trudy Lee Kale, Theresa Lyn Kale, Tina Louise Kale, Tracey Kale, and Taren Leigh Kale. That such college education expenses shall include the costs of tuition, fees, board and lodging, books, clothing and laundry and any other reasonable and necessary related expenses.

3. Any balance remaining after the education of the children of Thomas L. Kale, hereinabove named, shall be added to the trust for Thomas L. Kale and administered under the provisions thereof.

4. Thomas L. Kale is the equitable owner in fee simple of all properties constituting his trust estate, including any

accumulated income, and, therefore, upon his death all such properties then remaining as a part of said trust estate, including any accumulated income, shall be paid over to the estate of Thomas L. Kale, free and discharged of any further trusts.

### ISSUE V

The $25,000.00 used to fund the education bequest for Trudy Lee Kale, Theresa Lyn Kale, Tina Louise Kale, Tracey Kale, and Taren Leigh Kale, shall be taken from the ¼ share of Thomas L. Kale in the Estate of Russell H. Kale, Sr.

### ISSUE VI

1. The share of Thomas L. Kale shall be held in trust for him and the accumulated income paid to him at age sixty (60), and thereafter he shall be paid the income from the corpus in quarterly intervals. In addition, Thomas L. Kale at age sixty (60) may invade the principal by $1,000.00 and each year thereafter, if he is solvent at the time of each such invasion.

2. Thomas L. Kale is the equitable owner in fee simple of all properties constituting his trust estate including all accumulated income and, therefore, upon his death all such properties then remaining as a part of said trust estate, including any accumulated income, shall be paid over to the estate of Thomas L. Kale, free and discharged of any further trusts.

### ISSUE VII

1. The testator created three (3) trusts under the provisions of his Last Will and Testament: (1) Russell Henderson Kale's trust, (2) The educational trust for the college education of the testator's granddaughters, (3) The trust for Thomas L. Kale, individually, which includes any monies not used for the education of the testator's granddaughters named in the Will.

2. The Co-Executors, Richard B. Kale, Sr., and Frances Kale Forrest, are to be Co-Trustees of all trusts created under the Last Will and Testament of Russell H. Kale, Sr., without compensation.

## ISSUE VIII

1. The shares of Richard B. Kale, Jr., and Marjorie Sym Kale in the estate of Russell H. Kale, Sr., shall be satisfied out of Kale Knitting Mills stock.

2. The value of Kale Knitting Mills stock shall be computed at book value.

3. Book value of Kale Knitting Mills stock shall be determined by generally accepted accounting procedures and by dividing the net worth by the outstanding shares of common stock in Kale Knitting Mills at the death of the testator.

4. This book value of the stock shall be figured as of the date of death of Russell H. Kale, Sr., February 7, 1969.

5. For distribution and probate purposes all Kale Knitting Mills stock shall be valued at book value as hereinabove set forth.

IT IS FURTHER ORDERED that the costs of this action shall be paid out of the estate of Russell H. Kale, Sr.

This, the 5 day of February, 1970.

s/ ROBERT M. GAMBILL
Judge Presiding"

Appellants bring forward numerous exceptions to the findings and conclusions of law of the trial judge.

*Ross, Wood and Dodge by Harold T. Dodge for plaintiff appellant.*

*Hofler, Mount & White by Lillard H. Mount for defendant appellant, defendant appellee, Frances Kale Forrest.*

*Aycock, LaRoque, Allen, Cheek & Hines by C. B. Aycock for defendant appellee, Russell Henderson Kale, Jr.*

CAMPBELL, J.

We have reviewed the record in this case. It is conceded by all parties that the instrument in question is a will and that it was properly probated in solemn form. The sole question is the correct construction of the will.

**[1, 2]** The intention of the testator as gathered from the four corners of a will is the controlling guide in interpreting a will. *Campbell v. Jordan,* 274 N.C. 233, 162 S.E. 2d 545 (1968). We feel that the findings and conclusions of law reached by Judge Gambill in this case adequately plumb the intent of the testator in the instant case, and we will not disturb his judgment declaratory of the rights of the parties involved.

Affirmed.

PARKER and VAUGHN, JJ., concur.